843 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald MONROE, Petitioner-Appellant,
v.
John DUNCAN et al., Respondents-Appellees.
 No. 87-5136.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before LIVELY, Chief Judge, RALPH B. GUY, Jr., Circuit Judge and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order dismissing a habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. The petitioner argues that his constitutional right of confrontation was denied by virtue of the state trial court's holding that the psychiatric history of the chief witness against him in a rape and sodomy prosecution was absolutely privileged from disclosure and discovery. We are not required to decide whether Kentucky's psychiatrist-patient privilege statute is constitutional, because petitioner's counsel did gain temporary possession of the records of the psychiatric facility where the prosecuting witness was treated. Thus, although the Kentucky statute does provide an absolute privilege, in this case that privilege was invoked only after petitioner's counsel had examined the records along with the prosecuting attorney.
 
 
 2
 The question that is presented for decision is whether the trial court's denial of petitioner's later attempts to obtain the record of the prosecuting witness's psychiatric history for use in cross-examining the witness at trial deprived the petitioner of his constitutional right of confrontation.
 
 
 3
 The record discloses that the trial court placed no limitations on petitioner's cross-examination of the prosecuting witness concerning her psychiatric history and that the jury did learn that the prosecuting witness had recently undergone treatment at a psychiatric facility. Further, petitioner's counsel was able by cross-examination to disclose to the jury a conflict between the testimony of the prosecuting witness and her mother concerning the reason for the witness's referral to the psychiatric facility. Thus, although the credibility question might have been developed more fully and persuasively if counsel had been in possession of the psychiatric history at the trial, the factors bearing on the credibility of the prosecuting witness were revealed by cross-examination.
 
 
 4
 We do not believe the landmark decision of the Supreme Court in Davis v. Alaska, 415 U.S. 308 (1974), requires reversal in this case. Quite recently, the Supreme Court has made it clear that the Confrontation Clause guarantees only an opportunity for effective cross-examination rather than a cross-examination that is actually effective. United States v. Owens, --- U.S. ---- 108 S.Ct. 838 (Feb. 23, 1988). In his reply brief the petitioner cites Pennsylvania v. Ritchie, 480 U.S. ----, 107 S.Ct. 989 (Feb. 24, 1987). Ritchie was concerned with pretrial access to disclosure of the contents of a state child welfare agency's records pertaining to the prosecuting witness. The plurality opinion holds that the right of confrontation is a right pertaining to trial, not to pretrial activities. Since Ritchie concerned pretrial access while the present case concerns an attempt of the petitioner who had already had pretrial access to the materials to regain access for use at trial, the decision is not directly on point. The Pennsylvania statute in Ritchie granted a limited privilege. In footnote 14 the Ritchie Court stated that it expressed no opinion on whether the result would be different if the statute had granted an absolute privilege with respect to the agency's records. From this and other language in the opinion, petitioner argues that Kentucky's statute granting an absolute privilege should be held to violate the petitioner's due process rights. However, as previously noted this court will not address the petitioner's due process argument that the Kentucky statute creating an absolute privilege for psychiatric-patient records is unconstitutional, because the Kentucky statute did not prevent this petitioner's counsel from gaining access to the records.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that petitioner did have the opportunity for an effective cross-examination and that the state trial court's refusal to permit a further examination of the psychiatric records at trial did not deny the petitioner his constitutional right of confrontation.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation